IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

FILED
U.S. DISTRICT COURT
EVANSVILLE
DEC 26  PM 2: 22

SOUTH...

| | |
|---|---|
| PEGGY JO SMITH, individually and on behalf of similarly situated individuals, | ) ) ) ) |
| Plaintiffs, | ) **COLLECTIVE ACTION** ) |
| v. | ) Civil Action No. 3.13-CV-221-RLY-WGH ) |
| PROFESSIONAL TRANSPORTATION, INC., and RONALD D. ROMAIN, individually and as president and secretary of PROFESSIONAL TRANSPORTATION, INC., | ) ) ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT

COMES NOW, plaintiff, Peggy Smith, individually and on behalf of similarly situated opt-in persons who are current or former employees of defendants, Professional Transportation, Inc. and Ronald D. Romain, by and through her counsel, Joseph H. Cassell of Eron Law, P.A., for her cause of action against defendants alleges and states as follows:

## GENERAL ALLEGATIONS

1.      This cause of action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.      This is an action to recover (i) unpaid overtime compensation for all hours worked over 40 by the class of plaintiffs who were employed by defendants in various

exempt positions, at varying time periods, but were not paid at least $455 per week on a salary basis, and (ii) minimum wage compensation, or the difference between the average hourly rate of pay for each plaintiff and the federally mandated minimum wage, pursuant to 29 U.S.C. § 207, for all hours worked by plaintiff and the class, for each and every hour worked in which the average hourly rate was below the federal minimum wage.

3.      For those employees who opt-in to this action, seeking redress for violations of federal law under the FLSA, they will be referred to collectively as "the class."

## JURISDICTION AND VENUE

4.      This court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under federal law, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      Venue is proper in the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1391 as defendants are residents of Indiana and the corporate headquarters are located in the Southern District of Indiana.

## PARTIES

6.      Plaintiff Peggy Smith is a former employee of PTI and was employed as an over-the-road driver and later as a branch administrator.

7.      Ms. Smith represents a class of current and former employees who were employed in administrative or executive exempt positions and were not paid at least $455 per week on a salary basis for their work in such exempt positions as required by the FLSA.

8.    Defendant Professional Transportation, Inc. ("PTI") is an Indiana corporation.

9.    PTI is an employer defined by 29 U.S.C. § 203.

10.    Defendant Ronald D. Romain is the president and secretary of defendant PTI.

11.    Mr. Romain is an employer as defined by 29 U.S.C. § 203.

## COLLECTIVE ACTION ALLEGATIONS

12.    PTI is an Indiana corporation, with its headquarters located in the Southern District of Indiana, specifically, Evansville, Indiana.

13.    PTI's business is to provide ground transportation for crews of the nation's Class 1 railroads, which include, but not limited to, the Union Pacific, the Norfolk Southern, Burlington Northern Santa Fe, the Kansas City Southern, CSX and AMTRAK, which is owned and operated by the federal government.

14.    Defendants conduct operations in the states of Alabama, Arkansas, Colorado, Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Michigan, Mississippi, Missouri, Montana, New Jersey, New York, North Carolina, North Dakota, Nevada, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Virginia, Washington, Wisconsin, Wyoming and Washington, D.C.

15.    PTI is engaged in interstate commerce.

16.    PTI's employees are covered by the protections of the FLSA.

17.    Romain is president of PTI.

18.     Romain is the final decision maker when it comes to the day-to-day operations of PTI.

19.     Plaintiff is a former employee of PTI.

20.     Plaintiff was initially hired as an over-the-road driver in November 2011.

21.     As an over-the-road driver, plaintiff was the agent for PTI who drove crews from point to point as directed by the PTI dispatcher or the railroad crews themselves.

22.     As an over-the-road driver, plaintiff was paid an amount for each mile driven and an hourly wage for all non-driving activities such as wait time.

23.     Plaintiff was "promoted" to the position of "Branch Administrator" in March of 2013.

24.     As Branch Administrator, plaintiff was required, and had the ability, to perform the following, but not limited to tasks/duties:

      A.     Hire and fire new or current employees;

      B.     Provide opinions or make recommendations regarding the hiring or discipline, up to and including termination of new and/or current drivers;

      C.     Recruit and interview drivers on an on-going basis;

      D.     Meet weekly on-time performance goals;

      E.     Explain and insure new drivers understood PTI's scheduling system and what was expected of them regarding when they were "on board" or marked up;

      F.     Train new drivers;

      G.     Insure that the vehicles charged to her care received required preventative maintenance and necessary repairs to insure vehicle reliability and safety;

      H.     Conduct drug screenings; and

l.      Report and investigate accident/incidents involving PTI
        vehicles and drivers assigned to plaintiff's terminal.

25.     Plaintiff always managed more than two drivers at any one time.

26.     For her position as Branch Administrator, plaintiff was allotted twenty-two hours per week in which to accomplish such tasks.

27.     In order to make up for any shortfall in her wages, plaintiff was encouraged to make over-the-road trips to supplement her wages.  However, plaintiff was expressly forbidden from working as a driver so that she would be working over 40 hours in any week.

28.     During her time as Branch Administrator, plaintiff was on-call 24/7 and was required to take calls concerning the operations of her branch office at all hours of the day and night.  Such calls may come from drivers assigned to work at plaintiff's terminal, the rail carrier for which plaintiff was tasked to provide transportation services, PTI dispatch office, and/or PTI's company headquarters or corporate offices.

29.     Upon information and belief, members of the class were engaged in management activities in excess of 60 hours per week, regardless of the amount of hours PTI had allocated for the performance of such duties.

30.     When a driver was not available or did not show up for work, plaintiff was required to take the trip in said drivers place, regardless of the number of hours plaintiff had worked during that day.

31.     For her employment as the Branch Administrator, plaintiff was paid $375 per week on a salary basis.

32.    For her driving activities, plaintiff was paid mileage plus wait time for over-the-road driving activities, or a straight hourly wage if plaintiff was required to work as a yard or local driver.

33.    PTI employs similarly situated individuals in exempt positions that are located at individual branch offices. These individuals are employed in positions including, but not limited to, Branch Managers, Assistant Branch Manager, and Over the Road Driver supervisors.

34.    Individuals employed as Branch Managers and Assistant Branch Managers perform the following tasks for PTI:

      A.      Complete operation of the branch;

      B.      Recruit and select drivers;

      C.      Terminate and/or make recommendations for termination of employees;

      D.      Perform scheduling of drivers;

      E.      Monitor and evaluate drivers performance;

      F.      Insure schedule and required maintenance is performed on vehicles;

      G.      Act as a liaison between PTI and the rail carriers;

      H.      Monitor and insure company policies are followed;

      I.      Represent the company in a professional manner.

35.    Upon information and belief, PTI does not compensate all its Branch Managers, Assistant Branch Managers, or Over the Road Driver Supervisors at least $455 per week, paid on a salary basis.

36.     Under the FLSA, 29 U.S.C. § 213(a), "The provisions of section 206 [minimum wage] * * * and section 207 [maximum hours] of this title shall not apply with respect to (1) any employee employed in a bona fide executive, administrative, or professional capacity . . . ."

37.     Plaintiff and members of the class perform such duties and functions as to fall under the so called "executive exemption" of the FLSA.

40.     As set forth by the regulations promulgated by the U.S. Department of Labor, plaintiff, and the members of the class, fulfill the duties requirement necessary to come within the "executive exemption." Plaintiff's and members of the class, as defined by 29 C.F.R. § 541.700:

      A.     Were primarily engaged in management of the branch they were assigned to which was a distinct and separate physical location. Such locations are spread out across the majority of the United States. 29 U.S.C. § 541.100(a)(2).

      B.     Customarily and regularly directed the work of two or more employees, (29 C.F.R. § 541.106(a)(3); and

      C.     Had the ability to hire or fire other employees, or make recommendations as to the hiring, firing, advancement or other change of status of employees, which such recommendations were given particular weight. (29 U.S.C. § 541.100(a)(4).

38.     Members of the class were not, however, paid at least $455 per week, on a salary basis.

39.     Salary basis is defined in 29 C.F.R. § 541.602 as:

      (a) General rule. An employee will be considered to be paid on a "salary basis" within the meaning of these regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or

quantity of the work performed. Subject to the exceptions provided in paragraph (b) of this section, an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked. Exempt employees need not be paid for any workweek in which they perform no work. An employee is not paid on a salary basis if deductions from the employee's predetermined compensation are made for absences occasioned by the employer or by the operating requirements of the business. If the employee is ready, willing and able to work, deductions may not be made for time when work is not available.

40.     Plaintiff and members of the class, while paid on a salary basis as defined in 29 C.F.R. § 541.602, were paid in amounts that fell short of the minimum compensation level of $455 per week.

41.     Due to this compensation, plaintiff, and members of the class, were improperly classified as "exempt;" and therefore, are eligible for the protections offered by 29 U.S.C. § 206, minimum wage, and 29 U.S.C. § 207, maximum hours or the overtime, of the FLSA.

42.     As a direct result of being misclassified as exempt, all hours worked by plaintiff and members of the class in each week they were classified and performing the duties of a salary exempt employee, acting in a bona fide "executive" capacity, and not compensated at least $455 per week on a salary basis, are to be counted and considered for minimum wage and overtime damage purposes.

## NATIONAL COLLECTIVE ACTION PURSUANT TO THE FLSA

43.     Plaintiff restates the allegations contained in ¶¶ 1 through 42 as if fully restated herein.

44.     For each and every week in which, plaintiff and members of the class, while employed in a salary exempt capacity, and acting as a bona fide "executive" on

behalf of defendants were not paid at least $455 per week on a salary basis, plaintiff and members of the class are entitled to the protections and benefits afforded by the FLSA which provide for minimum wage and overtime compensation according to federal law.

45.     Upon information and belief, all employee working in the positions of Branch Administrator, Assistant Branch Manager, Branch Manager and Over the Road Driver Supervisor, have performed the duties and functions to qualify as a bona fide executive as defined by 29 C.F.R. § 541.100, et seq.

46.     Plaintiff and all similarly situated opt-in employees are entitled to damages equal to one-half their regular rate of pay, (if such regular rate of pay calculates to at least the federally mandated minimum wage and if such regular rate of pay is below the federally mandated minimum wage, then one-half the federally mandated regular rate of pay) for all hours worked in excess of 40 per week.

47.     Plaintiff and all similarly situated opt-in employees are entitled to damages equal to the difference between their regular rate of pay, which is calculated by dividing the total amount of compensation (both in salary and wages for driving and related activities) by the number of hours worked in each week.

48.     It is the duty of PTI to "exercise its control and see that the work is not performed that it does not want to be performed.  It cannot sit back and accept the benefits without compensated for them.  The mere promulgation of a rule against such work is not enough."  29 C.F.R. § 785.13.

49.     It is also the duty and responsibility of PTI to keep track and monitor the hours worked of its employees.  If "[t]he employer knows or had reason to know that

[the employee] is continuing to work and the time is working time," such time is work. 29 C.F.R. § 785.11.

50.     Defendants' practice of not compensating employees working in a bona fide executive capacity is enterprise wide, uniform and on-going.

51.     Because defendants do not act in good faith and actively attempted to mislead plaintiffs' and other similarly situated current and former employees, plaintiffs are entitled to liquidated damages in the amount of, and in addition to, their unpaid overtime compensation and the difference between the average hourly rate of pay that plaintiffs were paid and the statutory minimum wage as defined by 29 U.S.C. § 206, as allowed for by 29 U.S.C. § 216(b).

52.     In addition to the aforementioned damages of unpaid overtime compensation, minimum wages and liquidated damages, plaintiffs are entitled to reasonable attorney fees and associated costs with bringing this action pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Peggy Jo Smith, and all other similarly situated persons, who are former or current employees of defendants, Professional Transportation, Inc. and Ronald D. Romain, pray for judgment as follows:

A.     Issuance of notice pursuant to 29 U.S.C. § 216(b) as soon as possible to

> "All current and former employees who were classified as salaried exempt, for either a full or part-time basis and who worked, either full or part-time, in an executive exempt position, such as Branch Manager, Assistant Branch Manager, Branch Administrator, Over the Road Driver Manager or Supervisor, or any other such "title" and whose job responsibilities included performing executive functions

associated with the particular branch of defendants' operations, who were not paid at least $455 per week on a salary basis from December 15, 2010, and who did not receive a settlement in <u>Miller v. PTI</u> or <u>Matthews v. PTI</u>, unless such person has or had been employed by PTI since October 7, 2013, if such person received a settlement in <u>Matthews,</u> or since June 25, 2013 in <u>Miller.</u>"

This notice should inform the class members that this action has been filed, describe the nature of the action and explain their right to opt-in to this action if they have not been compensated for their hours worked, for driving and non-driving activities, in excess of 40 hours in a week at the overtime rate of one and one-half times their regular rate of pay during the statutory period, and for minimum wages due;

B.  Judgment against defendants for their willful failure to pay minimum wages and overtime compensation at one and one-half times the regular rate of pay for all drivers;

C.  Liquidated damages equal to the sum of minimum wages and unpaid overtime due for defendants' willful refusal to pay such required minimum wages and overtime compensation based on the FLSA;

D.  Attorney fees and costs associated with all causes of action and

E.  All other relief this court deems just and equitable.

ERON LAW, P.A.
229 E. William Street, Suite 100
Wichita, Kansas 67202
Telephone: (316) 262-5500
Facsimile: (316) 262-5559
e-mail: hcassell@eronlaw.net

By: _____
Joseph H. Cassell
Attorneys for plaintiff
Peggy Jo Smith

## REQUEST FOR TRIAL BY JURY

Plaintiffs request a trial by jury on all issues so triable.

Joseph H. Cassell