UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| PEGGY JO SMITH, individually and on behalf of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) ) | 3:13-cv-00221-RLY-WGH |
| vs. | ) ) | |
| PROFESSIONAL TRANSPORTATION, INC., and RONALD D. ROMAIN, individually and as president and secretary of PROFESSIONAL TRANSPORTATION, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFF'S THIRD MOTION TO FACILITATE AND EXPEDITE SECTION 216(B) NOTICE**

Plaintiff, Peggy Jo Smith, on behalf of herself and all other similarly situated Branch Administrators, moves the court for an order authorizing her to send first stage notice of this pending collective action under the Fair Labor Standards Act ("FLSA") to all current and former employees of Defendants, Professional Transportation, Inc. and Ronald D. Romain, who worked at any time as a Branch Administrator from December 9, 2011, to the present. Plaintiff's motion has largely been resolved by the Parties' Joint Stipulation for Conditional Collective Action Certification and Notice Under the FLSA. (Filing No. 80; Filing No. 83 (corrected version)). Defendants object to Sections IV and VIII of Plaintiff's proposed notice.

Plaintiff's proposed notice states that, "If you choose to join this action, you will be represented by counsel for Ms. Smith." (Filing No. 73-1, Notice of Collective Action

1

Lawsuit, § VIII). Defendants argue the notice forms should inform the putative class action members that they can retain their own counsel or proceed pro se. Each party cites non-binding case law to support its position.

The court is of the view that "'if a putative class member intends to join this existing lawsuit and signs the consent, then he or she agrees to become part of the class and be represented by class counsel.'" *Will v. Panjwani*, No. 1:13-cv-1055-JMS-MJD, 2013 WL 5503727 at * 5 (S.D. Ind. Oct. 1, 2013) (quoting *Burkeen v. New Madrid County Ambulance Dist.*, No. 1:12-cv-154 SNLJ, 2013 WL 880079, at * 3 (E.D. Mo. Mar. 8, 2013)). "Language to the contrary may confuse the recipients and unnecessarily complicate the opt-in process and the subsequent proceedings." *Id.* In addition, the proposed notice specifically informs putative collection action members of their right not to join the lawsuit and of their right to retain their own counsel and file their own FLSA lawsuits. Therefore, Defendants' objection is overruled.

Plaintiff's proposed notice provides that, if a putative class member decides to join the action, he or she has 90 days to complete the consent form and mail it to class counsel. (Filing No. 73-1, Notice of Collective Action Lawsuit, § IV). Defendants argue this "opt-in" period should be 45 days, not 90. Plaintiff's counsel moves for the longer period due to the difficulty they have experienced in locating putative opt-in plaintiffs in other collective action cases involving Defendants, including *Miller v. PTI*, No. 3:09-cv-111-RLY-WGH and *Matthews v. PTI*, No. 3:11-cv-97-RLY-WGH. Plaintiff's counsel explained that employee turnover at PTI tends to be high, and the employees are often transitory and fail to leave forwarding addresses. Defendants

respond that, in those prior cases, the class was far larger than the class at issue here. The court finds the better option is to extend the opt-in period to 90 days. Therefore, Defendants' objection is overruled.

For the reasons set forth above, Plaintiff's Third Motion to Facilitate and Expedite Section 216(B) Notice (Filing No. 72) is **GRANTED**. Plaintiff's Second Motion to Facilitate and Expedite Section 216(B) Notice (Filing No. 45) is **DENIED as MOOT**.

**SO ORDERED** this 25th day of February 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.